## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Zagel | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 13 C 1053 | **DATE** | 3/27/13 |
| **CASE TITLE** | Roderick Hamilton (#2011-0918006) v. Tom Dart | | |

**DOCKET ENTRY TEXT**

Plaintiff's motion for leave to proceed *in forma pauperis* [3] is granted and the initial partial filing fee is waived. The Court directs the trust fund officer at Plaintiff's place of confinement to make deductions in accordance with this order. The clerk shall forward a copy of this order to the trust fund officer at the Cook County Jail. Plaintiff's complaint is dismissed pursuant to 28 U.S.C. § 1915A for failure to state a claim upon which this Court can grant relief. This case is closed. Plaintiff's motion for appointment of counsel [4] is denied. This dismissal counts as one of Plaintiff's three allotted dismissals under 28 U.S.C. § 1915(g).

■[ For further details see text below.]

Docketing to mail notices.

## STATEMENT

Plaintiff, Roderick Hamilton, is a pretrial detainee at the Cook County Jail. He alleges that, between December 12, 2011, to January 10, 2012, while he was a pretrial detainee at the jail, he was offered and he performed sanitation work for the jail. He states that he was on duty 24 hours a day; he accumulated 672 hours; but he was paid only $28.00. He seeks compensation in the amount of minimum wages for his job, which he contends amounts to over $6,000 (Plaintiff appears to reach this figure by applying a minimum wage amount to 24 hours a day for the period between 12/12/11 to 1/10/12).

Plaintiff's *in forma pauperis* application indicates that he cannot prepay the $350 filing fee or the initial partial filing fee. The Court grants his motion to proceed *in forma pauperis* and waives the initial fee. The trust fund officer at Plintiff's place of confinement is authorized to collect monthly payments from Plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from Plaintiff's trust fund account shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, IL 60604, 20th floor, and shall clearly identify Plaintiff's name and the case number assigned to this action. Plaintiff shall remain responsible for payment of the filing fee, and officers at his current place of confinement shall notify correctional authorities of any outstanding balance owed pursuant to this order in the event that Plaintiff is transferred to another facility.

Although Plaintiff may proceed *in forma pauperis* and must pay the full filing fee for having brought this suit, his complaint does not present a claim upon which this Court can grant relief. To state a federal civil rights claim, Plaintiff must allege facts that, if true, would establish that he was deprived of a constitutional or federal right by a person acting under the color of state law. *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006). A prisoner has no constitutional right to compensation for working while incarcerated. *See Vanskike v. Peters*, 974 F.2d 806, 809 (7th Cir. 1992); *Young v. Monahan*, No. 07 C 3161, 2007 WL 2700011, *1 (C.D. Ill. Jul. 19, 2007) (Baker, J.) (finding no constitutional right to work or earn wages for work performed by a detainee at Rushville Detention Center). Like the plaintiff in *Young*, Plaintiff "is not entitled to minimum wage for performing his job at the [Cook County Jail]." *Young*, 2007 WL 2700011 at *1, citing *Bennett v. Frank*, 395 F.3d 409, 410 (7th Cir.

**STATEMENT**

2005) (FLSA minimum wage does not apply to inmates.). "Plaintiff has no right based on federal law to even have a job while [at the jail], much less a right to be paid what he perceives to be a fair wage." *Young*, 2007 WL 270001 at *1, citing *Wallace v. Robinson*, 940 F.2d 243, 248 (7th Cir.1991) (prisoner has no constitutional right to particular job assignment); *see also DeWalt v. Carter*, 224 F.3d 607, 613 (7th Cir. 2000) ("neither Illinois law nor the Due Process Clause itself affords prisoners a liberty or property interest in their jobs"). Additionally, as Plaintiff concedes, he was offered and voluntarily chose his job, and thus is not being subjected to involuntary servitude. *See Young*, 2007 WL 2700011 at *1.

Accordingly, Plaintiff asserts no claim upon which this Court cannot grant relief. His complaint is thus dismissed. The dismissal counts as one of Plaintiff's three allotted dismissals under 28 U.S.C. § 1915(g). Plaintiff is advised that, if he has three civil cases dismissed as frivolous, malicious, or for failure to state a claim under § 1915(g), he will not be able to proceed *in forma pauperis* with a federal action unless he demonstrates that he is in imminent danger of serious physical injury. *See* § 1915(g).